IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| DAVID BYRD | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:14cv788 |
| CHARLI MALIL, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON DEFENDANTS DEWBERRY, KILLMAN, AND DORRELL'S MOTION TO DISMISS

The Plaintiff David Byrd, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Officer Charli Malil (subsequently identified as Charles Marshall), Warden Dwayne Dewberry, Thomas Killman, Thomas Green, and Jason Dorrell. This Memorandum Opinion concerns the motion to dismiss filed by the Defendants Dewberry, Killman, and Dorrell.

**I. Background**

In his original complaint, Byrd complains that his Creator-given rights were violated when an officer named McArthur, who is not named as a defendant in the lawsuit, would not allow him out of his cell to attend a Sabbatarian service. Byrd complains that he has not been allowed to attend Sabbatarian services since April 12, 2014, because he started growing a beard in adherence to the Torah.

The next day, April 13, 2014, Sgt. Killman asked if Byrd was going to shave and Byrd said no. Killman wrote him a disciplinary case and Byrd was found guilty. He received punishments

1

of cell and commissary restrictions. On April 14, 2014, Officer Dorrell would not let Byrd out of his cell to attend Passover services or Seder. The only claim stated against Warden Dewberry was that the warden was "allowing staff to infringe on my Creator-given rights, constitutional and civil rights."

Byrd attached grievance no. 2014130446 to his complaint. This grievance complained about a disciplinary case Byrd received for growing a beard. The responses to his grievance upheld the disciplinary case. The only relief sought in Byrd's lawsuit is "to grant me injunctive relief from punishment by administration and staff of Michael Unit until my 1983 lawsuit is carried to its conclusion."

## II. The Motion to Dismiss

The Defendants Dewberry, Killman, and Dorrell filed a motion to dismiss arguing that: the Religious Land Use and Institutionalized Persons Act (RLUIPA) did not authorize individual-capacity claims and only permits injunctive relief; any official-capacity claims for monetary damages is barred by the Eleventh Amendment; Byrd's claims for injunctive relief are moot because the Texas Department of Criminal Justice has now changed its grooming policies; Warden Dewberry is no longer employed by TDCJ and lacks the power to redress any injuries through the granting of injunctive relief; Byrd failed to state a claim upon which relief may be granted against Dewberry and Killman; Byrd failed to state a First Amendment claim against Dorrell; and, these Defendants are entitled to qualified immunity. Byrd did not file a response to the motion to dismiss.

## III. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted. The Magistrate Judge determined that the Religious Land Use and Institutionalized Persons Act did not create a private right of action for damages against prison officials in their individual capacities and claims for damages against prison officials in their official capacities are barred by the sovereign immunity of the State of Texas. *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013); *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 329 (5th Cir.

2009), *aff'd sub nom. Sossamon v. Texas*, 563 U.S. 277, 280, 131 S.Ct. 1651, 179 L.Ed.2d 700 (2011). Thus, the Magistrate Judge concluded, Byrd cannot maintain a claim for monetary damages against the Defendants under RLUIPA.

With regard to injunctive relief, the Magistrate Judge stated that while Byrd seeks an injunction against officials at the Michael Unit, he is now confined at the Eastham Unit. His claim for injunctive relief against the Michael Unit officials is therefore moot. *Gillespie v. Crawford*, 858 F.2d 1101, 1102 (5th Cir. 1988). Furthermore, TDCJ has changed its policies and now permits the growing of beards for religious purposes, rendering Byrd's request for injunctive relief moot on this basis as well. *Strong v. Livingston*, civil action no. 2:12cv106, 2017 WL 1102861 (S.D.Tex., March 7, 2017), *Report adopted at* 2017 WL 1102691 (S.D.Tex., March 23, 2017).

Turning to the individual defendants, the Magistrate Judge stated that Killman's alleged verbal assault is not a constitutional violation and that Byrd offers no supporting facts to show that Killman acted in retaliation. Byrd states that he received cell and commissary restrictions as a result of the disciplinary case Killman gave him, but the Magistrate Judge determined that neither of these punishments implicated any constitutionally protected liberty interests. Thus, Byrd failed to overcome Killman's defense of qualified immunity.

Byrd alleges Dorrell did not permit him to attend Passover and Seder services on April 2014, but the Magistrate Judge stated that single incidents of missing religious services are normally not treated as First Amendment violations. The Magistrate Judge also concluded that Byrd could not maintain an individual-capacity suit against Dorrell under the Religious Land Use and Institutionalized Persons Act. Byrd also failed to overcome Dorrell's defense of qualified immunity.

Byrd complained that Warden Dewberry permitted the staff to violate his rights, but the Magistrate Judge stated that supervisory officials such as the Warden are not liable for the actions of their subordinates under any theory of vicarious liability. *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 20110). While supervisors may be held liable under certain conditions, Byrd failed to show that any of these conditions existed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.

1987). The Magistrate Judge also observed that Byrd's claim against Dewberry was entirely devoid of specific facts and thus failed to overcome Dewberry's defense of qualified immunity. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). The Magistrate Judge therefore recommended that the motion to dismiss be granted and that the claims against Dewberry, Killman, and Dorrell be dismissed with prejudice.

**IV. Byrd's Objections to the Report**

In his objections, Byrd states that he was not allowed to attend Sabbatarian services from April of 2014 to February of 2016, when he was transferred to the Eastham Unit. He disputes that the Religious Land Use and Institutionalized Persons Act does not authorize individual-capacity claims, pointing to *Ali v. Stephens*, civil action no. 9:09cv52, which was a civil suit filed and won by an individual, David Ali.[1]

Byrd argues that he included RLUIPA in his lawsuit because being written disciplinary cases for maintaining a beard substantially burdens the exercise of his religious faith. He concedes that TDCJ has change its policies, but argues that he is still substantially burdened because he must shave once a year.

Byrd states that he is not seeking monetary damages from the defendants, but the defendants nonetheless violated constitutional law by constantly punishing him with cell and commissary restrictions, recreation restrictions, and prevention from participating in group worship between April of 2014 to February of 2016. He states that the TDCJ grooming policy violates his constitutional rights because of the clean-shaving requirement.

Byrd complains that Killman ordered staff to write disciplinary cases continually over the entire time Byrd was on the Michael Unit. He states that while Dorrell did not allow him to attend Passover or Seder services, he was not allowed to attend weekly services, appointed time festival services, or extra-curricular religious meeting such as Hebrew language studies.

---

[1] *Ali* was not an individual-capacity lawsuit but rather an official-capacity one. *See Ali v. Stephens*, 822 F.3d 776, 780 n.1 (5th Cir. 2016).

4

If Warden Dewberry is not liable for the acts of his subordinates, Byrd asks who is to stop the violations of his staff members. He goes on to state "however, due to the doctrine of *respondeat superior*, plus the fact that Dwayne Dewberry has retired from TDCJ, my claim against Defendants Dewberry is not liable for the actions of his staff at the time referred to." In conclusion, Byrd argues that his rights were violated accord to the law and he cites the Religious Land Use and Institutionalized Persons Act as support.

**V. Discussion**

Byrd states in his objections that he is not seeking monetary damages against the Defendants. This leaves only his claims for injunctive relief, which are directed specifically to the administration and staff of the Michael Unit.

In *Fluker v. King*, — F.App'x —, 2017 U.S. App. LEXIS 2371, 2017 WL 554593 (5th Cir., February 9, 2017), the plaintiff, a Muslim prisoner housed at the South Mississippi Correctional Facility (SMCI) in a disciplinary classification called c-custody, complained that prison officials in Mississippi prohibited him from attending religious services outside of the c-custody unit while allowing non-Muslim prisoners in c-custody to attend out-of-unit religious services. After filing suit, the plaintiff was transferred from SMCI to the Walnut Grove Correctional Facility. The district court determined that the plaintiff's transfer to another correctional facility rendered his claims for injunctive relief moot, and the Fifth Circuit affirmed this determination. *See also Doss v. Calfee, et al.*, civil action no. 5:07cv53, 2008 U.S. Dist. LEXIS 103880, 2008 WL 112109 (E.D.Tex., January 9, 008), citing *Oliver*, 276 F.3d at 741, *and Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir. 1991). Because Byrd is no longer at the Michael Unit, the Magistrate Judge correctly concluded that his claims for injunctive relief are moot.

Byrd also expands his claims in his objections to the Magistrate Judge's Report, asserting that he was denied the opportunity to attend religious services from April of 2014 to February of 2016 and complaining that the new TDCJ beard policy violates his constitutional rights because he is required to clean shave once a year. The Fifth Circuit has held that issues raised for the first time

5

in objections to the Report of the Magistrate Judge are not properly before the District Court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001). These claims are not properly before the Court.

Even if Byrd's new claims were before the Court, he has failed to show entitlement to the injunctive relief he requests. The Supreme Court has explained that in order to succeed on a claim for injunctive relief, a plaintiff must show injury in fact, causation, and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The redressability requirement mandates that a plaintiff show both the ability of the official to enforce the statute or regulation at issue, and the demonstrated willingness of the official to enforce the statute or regulation. *Okpalobi v. Foster*, 244 F.3d 405, 425-27 (5th Cir. 1991). In the context of RLUIPA, the Fifth Circuit has held that a plaintiff does not have standing to pursue injunctive relief where the defendant lacks authority to redress the injuries. *McCreary*, 738 F.3d at 655.

Byrd has not shown that any of the named Defendants have authority to grant him injunctive relief by modifying or altering the TDCJ grooming policy. At the time he filed his lawsuit, TDCJ prohibited the growing of facial hair for religious reasons; since then, the policy has changed to permit the growing of beards not longer than ½ inch in length outward from the face. Such beards cannot have any lines, designs, patterns, symbols cut or shaped, cannot be sculpted, and cannot have any alterations from the natural hair growth. *See* [TDCJ Offender Orientation Handbook](), p. 11(April 2016); *Ali*, 822 F.3d at 782.

None of the named Defendants have the power to circumvent the policy and grant Byrd an exception to the requirement of once-yearly shaving. A similar claim was raised in *Broussard v. Stephens*, civil action no. 2:13cv211, 2014 U.S. Dist. LEXIS 173266, 2014 WL 7188781 (S.D.Tex., December 16, 2014). In that case, the prisoner, a Muslim, asserted the right to wear a beard for religious reasons. He alleged that the TDCJ policy was in violation of RLUIPA and sought injunctive relief against a number of defendants, including Region IV Director Joe Grimes, Warden Gary Currie, Warden Matt Barber, and Deputy Director Carol Monroe as well as TDCJ-CID Director William Stephens.

The defendants Grimes, Currie, Barber, and Monroe filed a motion to dismiss, which argued in relevant part that even if the plaintiff were to receive a favorable decision on his RLUIPA claim, these defendants do not have the authority to initiate or change any TDCJ policy or to prevent the enforcement of a policy. Thus, they contended that the claims for injunctive relief should be dismissed because they cannot provide the plaintiff with the relief sought. The district court agreed and granted the motion to dismiss.

In the same way, Byrd has failed to show that any of the Defendants in this case have the authority to grant him an exception to the TDCJ grooming policy. To the extent Byrd seeks an injunction against the new TDCJ grooming policy, he lacks standing to seek injunctive relief against the defendants whom he names. Nor has Byrd shown that any injuries he may have suffered between April of 2014 and February of 2016 while at the Michael Unit can be redressed through an injunction now that he is at the Eastham Unit. *Fluker*, 2017 U.S. App. LEXIS 2371 at *6-7; *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (claims for injunctive and declaratory relief based on exposure to asbestos were rendered moot by transfer to another prison). Byrd has failed to state a claim upon which relief may be granted against the Defendants Dewberry, Killman, and Dorrell, and his objections to the Report of the Magistrate Judge are without merit.

## VI. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 36) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the motion to dismiss of the Defendants Dwayne Dewberry, Thomas Killman, and Jason Dorrell (docket no. 27) is **GRANTED** and the claims against these Defendants are **DISMISSED WITH PREJUDICE**. The Defendants Dwayne Dewberry, Thomas Killman, and Jason Dorrell are **DISMISSED** as parties to this lawsuit. The dismissal of these claims and parties shall have no effect upon the remaining claims and parties in the lawsuit.

So **ORDERED** and **SIGNED** this **17** day of **July, 2017.**

_____
Ron Clark, United States District Judge